

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00446-CR
_____

AMANDA DAWN HILTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 31st District Court
Gray County, Texas
Trial Court No. 10344, Honorable Steven R. Emmert, Presiding

January 30, 2017

## ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Amanda Dawn Hilton, appeals her conviction of possession with intent to deliver drug paraphernalia, a Class A misdemeanor,[1] and sentence to thirty days confinement in Gray County Jail. The appellate record was due on December 27, 2016. However, the clerk's record and reporter's record were not filed by this date. Instead, the clerk and reporter requested an extension of time to file the record and notified the

---

[1] Tex. Health & Safety Code Ann. § 481.125(b), (e) (West 2010).

Court that appellant had not paid or made acceptable payment arrangements for the record.  *See* TEX. R. APP. P. 35.3(a)(2), (b)(3).

By letter, we granted an extension to file the appellate record to January 26, 2017.  We also directed appellant to make acceptable payment arrangements for the appellate record, or comply with the requirements of appellate rule 20.2 if appellant was unable to pay for the record, by January 17, 2017.  *See* TEX. R. APP. P. 20.2.  Failure to do so, we advised, could result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice.  *See* TEX. R. APP. P. 37.3(a)(2).  By letter filed on January 24, 2017, appellant's counsel notified the Court that he had filed motions in the trial court to have the appellate record furnished without charge on December 14, 2016.  The trial court clerk confirmed the filing of these motions.  To date, however, the appellate record has not been filed.  The clerk and reporter have informed the Court that appellant has yet to make payment arrangements for the record.

Accordingly, we now abate this appeal and remand the cause to the trial court for further proceedings.  *See* TEX. R. APP. P. 20.2, 37.3(a)(2).  Upon remand, the trial court shall determine the following:

1.      whether appellant desires to prosecute the appeal;

2.      if appellant desires to prosecute the appeal, whether appellant is entitled to have the appellate record furnished without charge;

3.      if appellant is not entitled to have the appellate record furnished without charge, the date appellant will make acceptable payment arrangements for the appellate record; and

4.      what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute the appeal or, if appellant desires to prosecute the appeal, to assure that the appellate record will be filed promptly and the appeal will be diligently pursued.

The trial court shall execute findings of fact, conclusions of law, and any orders it finds necessary regarding the aforementioned issues and cause its findings, conclusions, and orders, if any, to be included in a supplemental clerk's record to be filed with the Clerk of this Court by March 1, 2017.

It is so ordered.

Per Curiam

Do not publish.